## E. GEORGE ROGERS & CO. v. BLACK et al.*
### No. 1298.

Court of Appeal of Louisiana. First Circuit.
June 11, 1934.

For former opinion, see 154 So. 667.

Spearing & McClendon, of New Orleans, for appellant.

S. S. Reid, of Amite, for appellees.

LE BLANC, Judge.

Although the solidarity of the obligation herein sued on was alleged in the petition filed by the plaintiffs, neither of the defendants in their answers met that issue as one tendered under the pleadings. They raised the question for the first time in this application for a rehearing.

In their application they aver that it was error on our part to render a solidary judgment against them in view of article 2093 of the Revised Civil Code, which they correctly quote as follows: "An obligation in solido is not presumed; it must be expressly stipulated. This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law."

Referring to article 2091 of the Civil Code, we find what we take to be an express provision of law which applies in this case and takes the obligation sued on out of the presumption created under article 2093 above quoted. Article 2091 reads as follows: "There is an obligation in solido, on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."

This court had occasion to apply the provisions of that article in the case of North British Mercantile Insurance Co. v. Patterson & Shirley, 5 La. App. 327. In that case the defendants had bound themselves, as did those in the present case, to do the same thing in the same contract, and they were held solidarily obligated on their contract. "The philosophy of the rule," we said, "which, under such a contract, creates a solidary obligation is well stated in Jacobs v. Williams, 12 Rob. 183, the leading case on this question, as follows: 'When several debtors bind themselves for the same debt, in the same contract, they create among themselves a kind of partnership as regards that debt; they mutually charge each other by a tacit, yet real proxy to pay it.' Under a contract of that character the obligors are bound in solido, C. C. art. 2091; Teutonia National Bank v. Wagner, 33 La. Ann. 732. If the defendants had obligated themselves in the instant case for distinct, independent or separate amounts, although in the same contract, a different rule would apply and the appellant could be held jointly, only. It is not so, however, as defendants were bound for the whole debt in the same contract which binds Shirley to a solidary obligation as was decreed below."

We think the language quoted from that case is peculiarly significant and applicable in this case, and stands as authority for overruling the application on this point.

All other issues presented in the application were disposed of in the original opinion herein handed down, and the application is therefore refused.